[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
AMENDMENT TO MEMORANDUM OF DECISION
The last remaining issue in this matter is the effective date of the defendant's obligation to pay support for Sarah in the amount of $93.86 per week.
The plaintiff's Motion for Modification of Custody and Support was filed June 5, 1991. It was served on the defendant at a later date. It requested an order for support for Sarah in accordance with the guidelines taking into consideration the income of the parties and the guidelines applicable to the situation in which custody of the children has been divided. The court finds that the order concerning the defendant's obligation to pay support for Sarah is effective as of the date of service. The amount then due per week could have been determined by a simple mathematical computation. CT Page 5145
The court now accepts the analysis of the financial situation created by the present order as to the effective date of the support order in the document entitled "Chronology of Case and Argument re: Support" filed by the plaintiff and dated May 29, 1992.
The court orders the plaintiff's counsel to pay over $750 of the amount he holds in escrow against his legal fees and apply the balance of the amount he so holds to the arrearage created by the court's ruling that the $93.86 support order is effective as of the date of service of the above motion.
The defendant had been paying $50 a week for support for Sarah. ($93.86 — $50.00 = $43.80.) The latter amount times the number of weeks that have passed since the effective date of the support order is $2061.47. That amount less the balance left in the escrow account after the deduction of $750 is $1242.34. This final amount shall be paid off at the rate of $30 a week.
The defendant therefore is ordered to pay $93.86 + $30.00 or $123.86 a week until the arrearage is paid off at which time his obligation shall be to pay $93.80 as child support per week.
THOMAS J. O'SULLIVAN TRIAL REFEREE